**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| WENDELL HARPER SMITH, | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | 1 : 07-CV-10 (WLS) |
| | : | |
| DON JARRIEL, Warden, | : | |
| | : | |
| Respondent. | : | |

**ORDER AND RECOMMENDATION**

By Order dated July 19, 2011, the Eleventh Circuit Court of Appeals reversed and remanded this matter for further proceedings, finding that the Petitioner had raised a potentially viable due process claim in Ground 7 of his Petition (Doc. 51).   After consideration of the Eleventh Circuit's mandate and the Petitioner's claims, this supplemental Recommendation is issued.   This supplemental Recommendation replaces that portion of the original Recommendation filed on April 12, 2010 (Doc. 33) dealing with Ground 7 of the Petition, and incorporates the remainder of the original Recommendation.

Petitioner was convicted in the Superior Court of Ben Hill County on June 25, 2003, on charges of malice murder, felony murder (false imprisonment), felony murder (aggravated assault), false imprisonment, aggravated assault, and concealing the death of another.   He was sentenced to life imprisonment for malice murder and a consecutive ten year term for concealing the death of another.   Petitioner's convictions and sentences were upheld on direct appeal on September 13, 2004.   *Smith v. State*, 278 Ga. 331, 602 S.E.2d 601 (2004).

Petitioner filed a state habeas petition in Tattnall County Superior Court on March 29,

2005.  Relief was denied in a final order dated January 23, 2006, and the Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal the denial on October 16, 2006.  Petitioner filed this federal Petition for habeas relief on January 4, 2007, challenging his Ben Hill county convictions.

### *Factual Background*

This Court is "bound under 28 U.S.C. § 2254(d) to afford factual findings of state [appellate] courts a presumption of correctness."  *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984).  The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  The AEDPA thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings.  *Id.*  Inasmuch as no dispute has been raised herein regarding the findings of fact issued by the Georgia Supreme Court, said findings are hereby adopted as follows:

> Smith was involved in a relationship with the mother of the victim, Michael Johnson.  After she told Smith that Johnson had not appeared in court in Coffee County and that she would be liable on his bond, Smith and his co-indictee Benway abducted Johnson from a residence in Jeff Davis County, purportedly to take him to authorities in Coffee County.  According to Benway, who pled guilty and testified against Smith, when Johnson resisted, Smith rendered him unconscious by means of a choke-hold.  During the trip to deliver Johnson to authorities in Coffee County, Johnson woke and resumed his struggle, but was beaten and choked to unconsciousness again.  Smith later told Benway that Johnson was not breathing.  Benway was unable to find a pulse or discern breathing, so the men decided to dispose of Johnson's body.  They dumped Johnson into a well on property in Ben Hill County owned by one of Smith's relatives and threw debris, including bricks and cement blocks, into the well to hide the body.  A medical examiner testified that the cause of death was the combination of a crushed larynx and a crushed chest, and that the most likely explanation for

> the trauma was the fall into the well and the impact of the debris thrown onto him.

*Smith*, 278 Ga. at 331.

## *Due process claim*

In Ground 7 of the Petition, the Petitioner alleges that the trial court abused its discretion in admitting certain photographs of the victim into evidence. In its interpretation of this claim, the Eleventh Circuit found that this "evidentiary claim [is] a constitutional due process claim that prejudice from the offending photographs so infected the integrity of his trial as to warrant habeas relief." (Doc. 51).

In ruling on this ground on direct appeal, the Georgia Supreme Court found that:

> Finally, Smith contends the trial court erred in admitting into evidence two photos of Johnson taken after he was removed from the well. One of the photographs showed Johnson's body at the edge of the well from which it was retrieved and the other was used by the medical examiner to illustrate the injuries inflicted on Johnson. Under those circumstances, the photos were relevant and admissible.

*Smith*, 278 Ga. 331.

"We review state court evidentiary rulings on a petition for habeas corpus to determine only 'whether the error, if any, was of such magnitude as to deny petitioner his right to a fair trial'. Erroneously admitted evidence deprives a defendant of fundamental fairness only if it was a 'crucial, critical, highly significant factor' in the [defendant's] conviction.' The introduction of graphic photographic evidence rarely renders a proceeding fundamentally unfair." *Jacobs v. Singletary*, 952 F.2d 1282, 1286 (11th Cir. 1992) (internal citations omitted). *See also Tejada v.*

*Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("We review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render the entire trial fundamentally unfair.").

To the extent that the Petitioner challenges state court action as violative of his constitutional rights in Ground 7, he has failed to establish that the state court's admission of certain photographic evidence at trial rendered Petitioner's entire trial "fundamentally unfair". The photographs depicted the victim's body after having been pulled from the well, and at least one was used by the medical examiner to show the various wounds suffered by the victim. Petitioner has failed to show how the admission of these photographs adversely affected his trial, as the photographs were only a small part of a case in which there was overwhelming evidence, including his co-defendant's testimony, of Petitioner's culpability.  *See Ford v. Schofield*, 488 F. Supp. 2d 1258, 1326 (N.D.Ga. 2007) (admission of photographs, used mainly to corroborate testimony of medical examiners, did not render trial fundamentally unfair, as photographs served a minor role in the case and petitioner failed to show how admission of photographs adversely affected his trial).   Petitioner was charged in part with malice murder, felony murder, and concealing the death of another, to which he had pled not guilty.   The photographs at issue were directly relevant to these charges and Petitioner's plea of not guilty.

*Conclusion*

Inasmuch as the grounds for relief raised in this federal habeas Petition will not support the granting of habeas relief, it is the recommendation of the undersigned that this Petition be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN**

**FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

Petitioner's Motion for Relief, wherein he reiterates his request for federal habeas relief, is **DENIED** as moot, inasmuch as such a separate motion for relief is unnecessary herein.  (Doc. 59).

**SO ORDERED AND RECOMMENDED**, this 20th day of January, 2012.

s/  *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**