IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WENDELL HARPER SMITH, | : |
| Petitioner, | : |
| v. | : CASE NO.: 1:07-cv-10 (WLS) |
| DAN JARRIEL, Warden, | : |
| Respondent. | : |

# ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed January 20, 2012. (Doc. 60). Therein, Judge Langstaff recommends the denial of Petitioner's federal petition for writ of habeas corpus, which argues that Petitioner's convictions and sentences for malice murder and for concealing the death of another[1] violated his due process rights.[2] (*Id.* at 4). In making this recommendation, Judge Langstaff reasons that the state trial court did not abuse its discretion in admitting certain photographs of the victim into evidence at Petitioner's trial. According to the Magistrate Judge, "the photographs were only a small part of a case in which there was overwhelming evidence, including his co-defendant's testimony, of Petitioner's culpability. (*Id.*). Judge Langstaff therefore finds that "Petitioner has failed to show how the admission of these photographs adversely affected his trial." (*Id.*). For

---

[1] In addition to these crimes for which he was convicted, Petitioner was charged with false imprisonment, aggravated assault, and two counts of felony murder based on the following set of facts, reached by the Georgia Supreme Court. Petitioner, along with his co-indictee, abducted the victim. Petitioner then rendered the victim unconscious by means of a choke hold, and when the victim regained consciousness, he was again beaten and choked into a state of unconsciousness. Upon discovering that the victim had no pulse and was not breathing, Petitioner and his co-indictee dumped the victim's body into a well in Ben Hill County, Georgia, and threw debris, including bricks and cement, into the well to hide the victim's body. (Doc. 60 at 2-3).

[2] This particular due process claim is before the Court for a second time, pursuant to the Eleventh Circuit's reversal and remand of this Court's June 2, 2010 Order adopting the Magistrate Judge's initial recommended denial of Petitioner's § 2254 Petition. (*See* Docs. 33, 35, 51, 60).

1

this reason, he also recommends the denial of a certificate of appealability to Petitioner. (*Id.* at 4-5).

The Report and Recommendation provided the Parties fourteen (14) days[3] from the date of its service to file written objections to the recommendations therein. (*Id.* at 4-5). Petitioner filed his Objection on February 8, 2012, two days after the February 6, 2012 deadline by which the Parties were permitted to do so. (*See* Doc. 61). Despite the untimeliness of Petitioner's Objection, the Court still considers it in the interests of justice.

In his Objection, Petitioner argues that Judge Langstaff misconstrued the § 2254 Petition. According to Petitioner, the introduction of the photographs, which were "erroneously admitted into evidence at closing arguments[,] deprive[d] him of" his due process rights. (*Id.* at 1). More specifically, Petitioner states that the victim's mother's hysteria, prompted by the prosecution's display of the photographs at trial, improperly affected and influenced the jury verdict. (*Id.* at 2). The photographs had no relevancy to his trial and their probative value, says Petitioner, was outweighed by their prejudicial effect.[4] (*Id.*). Furthermore, the Objection contends that Petitioner's co-defendant's testimony as to Petitioner's culpability was unreliable given the co-defendant's plea bargain and his own confession to the murder and to his disposal of the victim's body. (Doc. 61 at 3).

The Court finds that the arguments in Petitioner's Objection are an improper attempt by Petitioner to re-argue the allegations of his § 2254 Petition, all of which Judge Langstaff already

---

[3] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

[4] Petitioner admits that the photographs were admitted during trial and that he "is not challenging the admissibility of the photograph used to corroborate the medical examiner's terstimony . . . ." (Doc. 61 at 3). Rather, Petitioner's attack is directed towards the prosecutor's presentation of the photgraphs *during closing argument*. Petitioner, however, has failed to show how admitted photographs violate due process when they are presented to the jury by the prosecution during closing argument. As discussed below, *see infra* p. 3, the photographs were relevant and properly admitted; thus, their presentation during closing argument does not violate Petitioner's rights.

2

has reviewed and for which he has provided recommended findings. As established by the Recommendation, the introduction of the subject photographs did not render the trial fundamentally unfair, as they were only a small part of the evidence submitted to the jury to establish Petitioner's guilt. To illustrate, the introduction of Petitioner's co-defendant's testimony significantly contributed to the prosecution's satisfaction of its burden of proof as to Petitioner's guilt. Thus, the photographs alone were not exceptionally significant to Petitioner's conviction.

And while they were not so critical or important to the outcome of the trial, the photographs were nonetheless relevant to the crimes with which Petitioner was charged, contrary to Petitioner's Objection, and were not introduced solely to inflame the jury. The photographs helped to belie Petitioner's not-guilty plea to malice murder, felony murder (false imprisonment and aggravated assault), and concealing the death of another, as one photograph portrayed the victim's body at the scene where it was disposed, and the other evidenced the victim's bodily injuries.

And as found by the Magistrate Judge (Doc. 60 at 2-3, 4), the photographs also helped to corroborate the medical examiner's testimony "that the cause of the victim's death was the combination of a crushed larynx and a crushed chest, and that the most likely explanation for the trauma was the fall into the well and the impact of the debris thrown onto [the victim]." *See, e.g.*, Ford v. Schofield, 488 F. Supp.2d 1258, 1236 (N.D. Ga. 2007) ("The five [allegedly gruesome] photographs, introduced mainly to corroborate the testimony of the medical examiners, served a minor role in the state's case . . . ."). Thus, the alleged errors of the admission of the photographs did not render the entire trial fundamentally unfair. *See* id.; *see also* Jacobs v. Singletary, 952 F.2d 1282, 1296 (11th Cir. 1992) ("The introduction of graphic

photographic evidence rarely renders a proceeding fundamentally unfair."). Petitioner has not otherwise demonstrated how the photographs adversely affected his trial.

For these reasons, Plaintiff's Objection (Doc. 61) is **OVERRULED**, and United States Magistrate Judge Langstaff's January 20, 2012 Report and Recommendation (Doc. 60) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's § 2254 federal habeas petition (Doc. 2) is **DISMISSED**. The Court further **DENIES** Petitioner a certificate of appealability for failure to make a substantial showing of the denial of a constitutional right, sufficient to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this  26th  day of April 2012.

>  /s/ W. Louis Sands
> **THE HONORABLE W. LOUIS SANDS,**
> **UNITED STATES DISTRICT COURT**