IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WENDELL HARPER SMITH, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:07-cv-10 (WLS) |
| Warden DON JARRIEL, | : | |
| Defendant. | : | |

### ORDER

Before the Court is Petitioner Wendell Harper Smith's Motion to Vacate Void Judgment and Conviction. (Doc. 70.) In the motion, Smith attempts to vacate his state conviction for murder under Rule 60(b) of the Federal Rules of Civil Procedure. Because Smith's motion is in substance a successive petition, and the Eleventh Circuit has not granted leave to file a successive petition, the Court denies relief.

As background, Smith is serving a life sentence for malice murder and a consecutive ten-year sentence for concealing the death of another. His convictions and sentences were upheld on direct appeal. On January 10, 2007, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court. Among other claims, he alleged in his petition that the trial court abused its discretion by introducing prejudicial photographs of the murder victim and that the evidence was insufficient to support his convictions. The Court denied Smith's petition and denied him a certificate of appealability. The Eleventh Circuit denied Smith a certificate of appealability. He filed a motion for reconsideration, which the Eleventh Circuit denied as untimely.

Now Smith has filed a motion to vacate under Rule 60. In his motion, Smith argues (1) that the Eleventh Circuit erred in denying his motion for reconsideration, (2) that the introduction of prejudicial photographs violated the Fourteenth Amendment's

1

Due Process and Equal Protection clauses; (3) that the state committed prosecutorial misconduct by introducing prejudicial photographs; and (4) that the evidence was insufficient and varied from the allegations in the indictment.

Looking beyond the label of Smith's motion, it is clear that he attempting to advance new claims for relief or attack the Court's previous resolution of his claims on the merits. As such, Smith's motion must be treated as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *see also Franqui v. Florida*, 638 F.3d 1368, 1374 (11th Cir. 2011) (holding that petition's Rule 60 motion was in effect a successive petition because he "has pointed out no defect in the integrity of the federal habeas proceedings that wonder render his Rule 60(b) motion permissible"). And this Court lacks jurisdiction and must dismiss a successive petition filed without the Eleventh Circuit's prior certification. 28 U.S.C. § 2244(b). In addition, Smith cannot relitigate issues decided on an earlier appeal under the law of the case doctrine. *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005).

Smith's petition (Doc. 70) is **DISMISSED** as successive, and a Certificate of Appealability is **DENIED**. The Motion for Reconsideration (Doc. 75) is **DENIED** as moot.

**SO ORDERED**, this   27th   day of March, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**